Good morning, your honors. My name is Asa Garber. I'm here with co-counsel Huma Gavick representing the plaintiff appellant Chris Watson I would like to reserve four minutes for rebuttal if I could. Thank you The primary issue here is whether the Christman Justification whether the reason that the search in Christman was labeled a reasonable search under the Fourth Amendment whether those just that justification Existed at the time the officers made their warrantless entry into mr. Watson's home now Christman requires that an officer or permits an officer to follow counsel the facts here are somewhat in dispute between the police and this Watson and of course to the extent they're sworn to and not conclusory At this procedural stage what Watson says about the facts has to be treated as true to make the legal decision It strikes me that the big issue of fact is Exactly what the status was of showing the police. I'm not Ross Where he was when he did it. My thinking is if You've got a suspect you think it is Ross and he says I'll get it It's it's right in the house and he reaches into his kitchen Well, gosh, a lot of people keep guns next to their door and maybe not maybe not in his locality That's an Alaska in mine. They do for bears and stuff like that. A lot of people have guns next to the door and It'd be perfectly reasonable if a guy is reaching in or going around inside the house To want to see where his hands going and what he's getting and what's next to the door So in that case, I Think the law would be that the cop can barge in with reasonable force however If he's already gotten his ID and he's showing it to the cop outside the door Then I think the state of the law is that the cop can't barge into the house So show me exactly What the language is in the evidence? To put it in the second category and educate me if I've got the law wrong Your honor. I'm like Question because I think he's outlined just what our issue is it is a question of is there a factual dispute what happened right at that door and I would say however add on to his question Is it the Watson story that he was turned out was on his way out of the door and they shoved him back in Or is it that they followed him into the apartment? Which they clearly have a right to do to follow him in as he gets what may be a gun may be a license Is what is the factual dispute what exactly is his position? Was he coming out when they shoved him in or did they follow him in what what what is Watson story? About the facts that happened at that doorway Your honors have cut directly to the issue. The facts are very much in dispute. I direct you to Er94 that's Watson's declaration. And again, as you noted this is on summary judgment. So the non-moving party, which is mr Watson, his facts must be viewed in the light most favorable to him in Er 9421 is the paragraph summarizing What happened Watson reached into his he walked into his home. He reached behind his door He obtained his license as you both noted. That was the reason that the officers were there. They wanted to confirm That he was not Jeffrey Ross. He returned to his door He stood in his doorway in the threshold. That's not what it says. It says with my wallet in hand I began to walk back out my kitchen door as I turned to go back outside the house The cop blocked his exit Thank You your honor. Um, also I refer you to er 101 Er 101 is the declaration of Carolyn Hannah Carolyn Hannah is an independent eyewitness. She is mr Watson's neighbor. She watched the affair from her home. She states in paragraph 5 last sentence the Confrontation. So the confrontation where mr Watson stood in his doorway and the officer stood two feet outside of his home Facing him off that confrontation between the police and Chris could have lasted more than a minute half a minute And tell from what she says whether it was before or after he got his ID I know he did not consent and it looks like she wrote this in order to negative consent Right, I want to know is whether the whether The cops can see his hands He's already gotten his ID and he's showing him the ID Right. Well, you have the sentence It looked to me like Chris was standing his ground blocking entry of the police officers into his home The only time under Chris Watson's account where he was blocking the door was after he walked into his house Obtained his wallet and stood in the doorway Counsel given given what appeared to be directly contradictory Statements from the officer and mr. Watson We really can't even decide the Christman issue here can we don't we need to send it back or there to go forward With the trial and then whether they are Entitled to qualified immunity would resolve itself based upon the findings of fact at that point. Is that the correct? Analysis, you're absolutely correct Your honor both the issues of whether a constitutional violation occurred and whether qualified immunity could apply are both Disputed factually here. We have this is at a summary judgment stage, which you really can't decide it We of course the Supreme Court's made it very clear to us that you try to decide qualified immunity issues as early as possible to avoid trial, but Where there are material issues of fact that are disputed our case law I think says we have to send it back. Is that your reading as well? Yes, your honor act up Portland is the case we cited on that in the Ninth Circuit But there are multiple cases that stand for that proposition that if a factual dispute Could resolve in favor of or against qualified immunity that that has to be taken to trial to resolve that And I just wanted to point out one other thing. There is one thing about Officer Cohen's a deposition or declaration pardon me declaration He points out and I can give you the record site if you would like He points out in er 109 That at the time of the entry that Watson was a Detained criminal suspect. He was suspected of being Jeffrey Ross on that misdemeanor Traffic warrant, so he's not an arrestee at the time of the entry in Chrisman. It applies to arrestees Why does it only apply to arrestees? Officers are always in danger as you said any officer could knock on a door when the person answers They could have a gun behind at the door. That's always a danger or a risk that an officer faces That doesn't mean the Fourth Amendment doesn't exist Chrisman is a I Think and maybe not the judge Klinefeld and judge Smith pointed out really what comes down to the only real issue and This stage of the proceeding is there a dispute of fact as to whether the officer was simply following Watson into the house as allowed or whether he was not following him in but as Watson Says he was coming out at the time that he was pushed back in if that's the fact. There's a dispute of fact and I Tend to Read it the way judge Smith did Which would lead me to think at this point. There's a Dispute-of-fact now, I may be wrong about that and the Government may well be able to explain why that's not a why that's a misreading of the The affidavits the depositions and whatever the declarations But if it is There's got to be a If there's a dispute of fact if there's not then you can have some They also have a second issue here, which is the reasonableness of the force used that's also in dispute That's a separate issue from Chrisman, of course But is that not also a matter that a trier of fact has to determine you've got two wholly conflicting accounts On the one hand you have the officer who just basically say, you know I was just following him in and he stopped and I ran into him the other showed that he was just 250 pound six-foot-two guy who used his force to Illegally propel him backwards. They're they're not reconcilable Don't those have to be resolved by a trier of fact as well. Yes, your honor and with all due respect er 109 Officer Cohen doesn't actually say that he even touched plaintiff He says I deny that I used any force or even touched plaintiff as he entered the home Okay, so then it's even more of this is even more of a conflict Then do we have that kind of an issue and I assume that everyone would agree including you that if if Arguendo if this were sent back it's premature to decide any attorney fee issue at this time Because we don't know what the result will be Unfortunately, yes, your honor. I do think that is the state of the law council I looked over the deposition and I can't get any more clarity from it than I could from the Declaration that looks as though everybody was dancing around consent From the way the questions are phrased. I guess it's probably just habitual because it's so often an issue And I'm trying to find out Is this man standing in the doorway with both hands showing in his wallet in one hand and he's offering it to the cop or Has the cop followed him into the house when he started reaching for his wallet by bumping against him or not doesn't matter and The first time the cop can look at the wallet is in the house now from the deposition at excerpts page 50 It looks like the second Cop doesn't see the wallet until he's barged into the kitchen But if the if the guy already had his wallet in his hands and both hands showing at the threshold Outside and there was no need for the cop to barge in to see the wallet Well, then there's no need for the cop to barge in to see the wallet And I can't tell what it is from the deposition either, but I may have missed something Tell me where it is if I have Well, I don't know that you've missed anything I think that's to the greatest extent of fair summation of the facts Like I put nobody nobody ever asked Watson my question Under Watson's facts, um, they did not ask to enter his home. He did not give permit I didn't ask that I said did neither lawyer asked Watson on director cross at his deposition at Where were you when you first had the wallet in your hand Displaying it to the officers with both hands showing in respect to the court's time I would have to look again at the deposition and I could remember anything like that I don't answer remember off the top of my head, but I'd be happy to return to that on rebuttal. I Would note I'm sure to take a look at page 50 because that's troubling to me With that said your honor, um, if I'm if I may I'd like to save all of my remaining time for rebuttal. Thank you May it please the court. I'm Stu Estes for the two individual officers Cohen and Coker To address the court's point on question of fact, there is no question of fact that needs to be addressed below on a remand this individual was Criminal suspect he was handcuffed. He was unhandcuffed so he could walk back into his Handcuff until he found out it was a wrong person and then he was in unhandcuffed No, I thought they took the handcuffs off him before they let him go back into his house for the ID He lives on a very steep slope and he had to open the door So yeah, so did they take the handcuffs off him or was he handcuffed? He was unhandcuffed so he could so when you said he was handcuffed. That was not accurate as to the time he was going into his house for his ID as soon as the officer found the arrest warrant and that He almost exactly met the description in the arrest warrant. He put the handcuffs on they had a conversation You're showing me what wonderful fellows the cops are I'm sure they are it's irrelevant. I want to know Is the guy standing in the threshold with both hands showing and his wallet in his hand offering his ID or Do the cops barge into his house when he sticks a hand inside his house before he's displaying his wallet and I'm not getting an answer to that page 47. Thanks Officer Cohn was about two feet away from your counsel counsel with with respect I Like my colleagues. I have read the briefs. I have read the points of the record that involved initially the Chrisman issue I Don't frankly see any way That I can look at it other than that every material aspect of what happened there is at issue Your folks say one thing they may be absolutely correct. I don't know Mr. Watson says something else and they've got a third-party witness They may be correct. They may be completely false. I don't know but but but but at but at at this stage These are material issues of fact are they not a single issue of fact? Why why can't know what it was at this point? He says in his declaration officer Cohn blocked my exit from my house That is page 95 right lock my exit from my home Cone was standing two feet away from me blocking my exit page 47 in his deposition He says I was standing he didn't follow the officer didn't follow him into the house He stopped him from leaving the house and he says right there were you sighted? I have my wallet in my hand And the cop wouldn't let me out which would seem to establish that the cop has no right to barge in So the rule that this court would would author would be that someone who is who an author we just follow Not not in this circumstance. It would be that this is a different fact pattern than any other case It's been presented and that is someone that is fits an arrest warrant Description has been driving illegally doesn't have any identification can say oh This is my house after an officer saw him dart back into the driveway and walk quickly towards the door in a furtive manner That he goes to the house says this is mine The officer doesn't know whether he's just burglarized it or someone's laying injured in there. So he said this house is mine and Let me go right behind this closed door I walk in quickly reaching and I grab an object and I come back out and I stand like this as the officers coming in and Chest bumps me and pushes me back. Well, if the cop thinks the object may be a gun That's one thing if the object that he grabs is a wallet and the cop can see it's a wallet and the whole point of exercise is when he said I'm not the guy you have a warrant for and the policeman says prove it and he says I can whether Everything's going fine. I disagree. That's the point of the exercise at that point. It's officer safety That's all that's what Christman is all about and Christman says that the officer can follow that person wherever they go When they're in their custody agreed, but but but to your issue here is that that your guys version follows Christman? The other side's version says that they didn't follow him into the house He went in and got the wallet and came out and at that point, you know, I'm talking about Christmas anymore It's been anymore. Maybe you talk about Christmas, but not Christmas a Christman But the reality is that you've got two different accounts. He's totally different accounts still in this house He's gone in quickly and furtively to grab an object furtively What's furtive? With me My pistol out of my kitchen drawer set it on the counter in case I need it But did the policeman go in with him at that point or is the policeman still outside? He grabbed it and he turned around quickly even in plainest briefs as he just as quick You evaded my question. Did the policeman go in with him or did the policeman stay outside walking behind him? he turns around and he said you can't come in and he just They pushed his chest. I think you're admitting the policeman stayed outside. Is that right? He was following Well, he had to be outside at some point and he came in He's across the threshold and at some point about the threshold or inside the threshold. They made contact. Did he? Did did mr. Watson show his wallet before the policeman entered the room? He says he had it in his hand Okay, so he he showed the wallet before he entered he wasn't at his Party his version. You may be lying Watson may be just lying Well, we need to base our decision based or your decision based on his statement because very true. That's right But I think even under his assertion, he says he had it in his hand I don't understand that there's a principle basis on and even the threshold if someone goes in quickly Their identity is unclear. They're a criminal suspect. They go into their house who knows what's happened Did he signal an associate? Did he quickly start it strike a match to cause a fire to create a distraction? All you have to do is read the newspapers to see what people do every single day to get out of police custody and so the officer Is exercising the authority under Chrisman to protect himself and the integrity of the arrest He doesn't know whether there's an associate in there and he says hey be quiet. There's cops out here He has no idea what he's walked into all he knows is he's got a car that hasn't been registered for four years and a guy that's a subject of arrest warrant and Is trying quickly to get back into his house before he can make contact with them. That's undisputed So at page 47, he says he's on the threshold when officer Cohen lightly makes light contact with me and essentially uses his weight to put me back in the house Why the officer can't you're saying that Watson said that your officer made light contact with him? That's not what I read. He took one step forward. This is page 47 He took one step forward and just made initial light contact with me With his body next to my body and then he took one more big step and used the force of his weight in order to Force his way into it. Oh, I see. So that's the second part. I'm thinking right? I mean he describes it as a Chest bump or a body blow, but I mean that's and again, I I don't know I don't know what happened. All I know is we're at a stage of the proceeding where we have to decide whether there are material issues the fact that that would contravene whether Chrisman applies at this point Chrisman may ultimately be what applies if it's sent back because the trier of fact will say, you know Those police were absolutely correct. They're absolutely entitled to Chrisman and then your people are protected on the other hand They may conclude differently if we send it back question. I would ask the court is Why under Chrisman and all its progeny? There's many cases out there that have expanded Chrisman Why under Chrisman would an officer not in this particular fact circumstances Watson describes it He goes into his house quickly grabs an object Out of the officer's vision and he comes back out and says you can't come in here Why would the officer not be constitutionally authorized to go in and say I'm gonna see at least what you did here I'm gonna go into your kitchen. I'm gonna look around once the officer looks at the object Sees, it's a wallet and he's being offered the identification Why would he have a right to go in any way to see what? Watkins had done in the past as opposed to what he was maybe about the officer He might have removed a weapon and made it more more visible or more accessible to him Maybe he removed it from his person and set it on the counter. I mean, that's that's any evidence No, it's officer training. There's what did you ask Watkins on cross? whether he had been in a position where he was on the threshold of His house with both hands showing and displayed the wallet to the officer. He said he had it in his right hand And What is the best you've got taking Watkins story for the police not knowing whether Watkins Was displaying a wallet and was outside well page 47 clearly says he's still in his house Page how do you deal? How do you deal with the third party witness? Page 47 says neither officer came in with you. Is that correct? Correct? So Coon was about two feet away from your right at the threshold So it looks at that point like the officer did not come into his house I understood your question to be Watson whether he was inside his house. Oh Cone is following him in Cone is walking. He's following him in and what Watson stands turns and says no you can't come in here at that point Cone At that point has Watson already displayed his ID Well, he's displayed a leather object that may or may not be a wallet and may you know, the officer doesn't know what's in it What he's just done inside the house And I just again I don't understand why the officer can't Take at least three or four steps into the house to see what exactly has just happened here He can if he goes in with him and he was following, you know, but the third party witness Whatever you say about the Watson and the police you got a third party witness that says that she saw The police outside the door and Watson inside the door talking You dispute that That not that that's true, but that she said that well the declaration wasn't made properly under Washington law. It's unsworn Okay Well, that's it. That's an evidentiary issue The reality is that the reality is there is a dispute of fact as to whether he was in or out And and so you've got Yet another element to tie to what Watson I don't see her Declaration saying that he was outside the house and that they pushed him in Okay, maybe I didn't look at it carefully enough, but to get she's back here and she doesn't have a good view of it She's across an elevated. So And I don't know if the declaration describes exactly where she was standing But she's she's got a plate glass window and a deck above and she's looking down and so I've made my comments about some of the other characterizations about her interpretations of what she thought she saw but whether if so then if if the court would announce a rule that the officer may not pause but but must Walk briskly and without hesitation into the house I mean, I think that's that's confounding the issue because Chrisman the beauty of Chrisman the elegance of Chrisman is that I wouldn't enroll Why wouldn't he? I mean if you're if you're a policeman trying to protect yourself, you know a lot of people keep a gun by the door and Of course, you want to walk real briskly so that they can't get ahead of you with it No But what I understand the court saying is that if officer Cohn Hesitates before he steps in then Chrisman does not apply and I don't think that's That would be a fact as useful to the police officers in the field as 200 understanding when they can and cannot go He could have followed him if he was out of the house If he'd come back out I think an argument could be made that if he'd even crossed the threshold officer Cohen could say let's just go back in here for a minute because I want to see what just happened here because you were out Of my view You grabbed an object from behind the door. I don't know what else you did I'm gonna go at least step into the kitchen and see okay, no weapons. No Well, he grabbed the weapon. They wouldn't that weapon wouldn't be there in the kitchen anymore No, what I'm saying is he might have taken it off his person He was in sweat sweat pants what suit right and that by going into the house, what would he even know him? He would have known there's a weapon by the door while the guy standing right next to it where he could have reached But he's coming the guys coming out. Let's I said he's outside take take that. He's already outside So they then they walk and he wants to see why he wants to go and see the weapons deal inside But that's not our facts. But if he walks 20 30 feet out of the house, maybe officer Cohn can't go back in there But if he's right at the but if he's what if he's trying to walk out of the house Officer Cohn can shove him back into the house. He can say I want to see what just happened here because you Make a lot of sense to me, but that doesn't matter. I mean just had a curiosity Could you tell me they were trying to arrest somebody named Ross for a misdemeanor? Do you know what the misdemeanor was? There's no evidence in the record. It was a arrest warrant out of Federal Way Chris Chrisman says that the nature of the offense doesn't matter. The officer has I guess it out of curiosity. I mean I Know we don't have evidence of what? What crime? Mr. Ross committed? Other than that was a misdemeanor. Okay. Yes, I think you just said That the policeman has a right After the suspect has come out of the house and is not reaching into the house To go the officer has a right to go back in To see what happened there and what the suspect did there now Chrisman doesn't say that is there some other? Authoritative case that does no, there's not. I mean, I'm talking about him just briefly passing the threshold at Within officer Cohn was within two feet of him is what he says. Can you do this without adverbs? The if he If officer Cohn was standing two feet away from mr. Watson, and he crossed the threshold and He touched him I don't see why officer Cohn couldn't have said let's go back in that's I I do and that's why I asked You if you had authority Maybe I'm wrong and I'd be delighted to Say that I am it seems to me that the whole point of Chrisman is It could be really dangerous to let a guy go into his house when he's a suspect So you want to stay right on his tail to stay in control and not be endangered But once he's back out, I can't see anything in Chrisman and I can't see anything to do with officers With the officer safety interest that's protected by Chrisman That says I want to go back into your house that we are both now out of and see what happened inside Why does the off see the cop it's perfectly evident from the transcript the cop suspects There's something inside that Chrisman doesn't want him to see he said so he said the only reason I can think of you wouldn't let Me in is you got something inside. You don't want me to see Probably marijuana, which it was Why does the officer safety issue pass when he's standing at the threshold and he's just reached behind the door for something That's he's got a hand in a place where there might be a gun and the cop can't see his hand And he could quickly reach around there and grab there's a plastic surgeon lives across the street from me He has a rifle right by the door. A lot of people do But I mean it illustrates my point there's guns everywhere and an officer should assume that And and the fact that someone has disappeared from their site Chrisman is an integrity of the arrest and an officer safety case Looking on the counter is no longer relevant to officer safety looking in in Watson's hands is relevant to officer safety Now that Watson's back out And you say well they want to see if there's a gun there, but that's what you think he brought with him and and And he's just assaulted the homeowner or signaling an associate he doesn't know what's inside the house He can at least know what he when the cops there he reaches in comes right out. Maybe he assaulted somebody previously The body in the house Possible the officer doesn't know what's going on there He doesn't even you know the officer doesn't even believe it's his house because he ducked He ducked back in the driveway as was description, and he started walking quickly towards the door As if trying to avoid contact the officer doesn't know what he's walking into And Chrisman and well then he doesn't need to go into the house I mean that doesn't need to tell the other guy to go into the house Even if he doesn't know what he's going into. I don't understand this whole why this all came to this but Well, he's inside the house Chrisman says he can follow him in and he's still inside the house And so I think any any chess contact to push him back inside The kitchen when he's still behind his threshold Completely complies with Chrisman Chrisman applies because he's still in the house the fact that he's gone in and quickly come back out I don't think Chrisman is not no longer applicable if it is under your law your for your view of the law Would it be so that when cops knock on a man's door? And he stands on the threshold and they say can we come in and he says no that they can't anyway depends on the circumstances US Supreme Court last year said it's permissible when the mother of a criminal suspect Was asked some questions and quickly ran back in her house officers followed her and found her son But this is the opposite. He's not running back in he's trying to get out Well, he's standing at the threshold, but he's trying to get out according to his version. I think he says he's just standing there He says on page 47. He's standing at the threshold And then the officer moves towards him the boss the officers in coming. He's he's stationary So The If the court were to find that Chrisman doesn't apply because he's walking back out of the house, I think clearly that there's Qualified immunity would apply because there's no cases address a fact pattern like this Before whether someone goes in and quickly comes out the cases that we've all cited They talk about discussions at the threshold about who's going to go in and I'm gonna you know, do you need your keys? You need your smokes your phone your wallet, whatever clothing and there's a discussion at the threshold all the time And so the officers then follow them in And it's been expanded from identification that at the WSU dorm to to to keys wallets, whatever so one of the cases I believe Paul has expanded it to allow an officer to go to in Committed an entry into the backyard and stand guard at the back door Even though the other officer followed the person into the house. I think the courts have been understanding of People escaping and creating officer safety issues about bottom line from your from your perspective Even if you take everything your officers say and discount it and you just take what Watson says That Chrisman still applies and there's nothing to send back as a material issue of fact. Is that correct? That's correct. Okay, and and officer cones put in a position of okay. This guy's just come back in as my house I have to I have to go back and all my Chrisman training and figure out whether I have to let him walk past me or whether I can take another step into the house That's nuts not clear that this would be the first case to address an issue like that and I think qualified immunity would apply there and it could also be that the officer made a factual mistake that He didn't that there wasn't not a need to enter for officer safety and so I think there's two bases for qualified immunity here both a mistake of law and mistake of fact Thank you. Thank you Your Honor's a judge Clinefield. I want to first just touch upon your question that I passed over did the Did the defendants or the plaintiffs ask Watson about consent at the threshold in the deposition? The defendants did not the plaintiffs did not ask any questions to Watson at his deposition However, returning to er 95 in his declaration We do have the situation where he was standing in his door and he told the officers that they need a search warrant to enter His house and that's consistent with this with this 30-second delay that the independent eyewitness Observed of Watson standing in his doorway while the officers stood outside Also, I'd note That in er 94 we have Watson Saying that he did try to exit his kitchen door whether he tried to exit or he was just standing firmly in the kitchen door Ultimately is irrelevant, but you say he did say he was trying to exit Yes, we have in the er 94 not exactly what the words are Sorry one with my wallet in hand. I began to walk back to my kitchen door as He turned to go back outside. So I apologize. It's it's an intent as you Recognized previously as he was moving. Wait a minute. He said as he turned to go back outside Who's he? My apologies. I'm mr. Watson No, so, mr. Watson again Pardon me read it again. Yes with my wallet in hand I began to walk back out my kitchen door as I turned to go back outside the door Defendant Cohen was standing in the end. So we have this situation again, I'm just Verifying the 30-second delay. I'm to verify in the situation where Watson was standing in his doorway with the officers outside He said he was in We did to go out the door. That's what that was right His desire was to exit you know, and that corresponds with him arguing that they could not enter without a search warrant I also wanted to touch upon the idea of qualified immunity There is a presumption that a warrantless search inside a home is Unreasonable this court held that and fronds be City of Tacoma And we also have the observation that there's no cases for a retroactive entry But Christman, but but but again you get back to the issue of are there material issues of fact in one set of facts? Christman applies which controls on the other set of facts perhaps It doesn't and then you've got In short, you can't have qualified immunity unless it's clear It's due and it depending on what version of the facts you accept it may or may not apply that a fair statement I appear I'd beat a dead horse. That is exactly correct there. It's too early I want to be the dead horse your time is expired. No, and I don't want to be a dead horse Thank you, Your Honor The case just argued will be submitted Court will stand in recess to the day
judges: Reinhardt, Kleinfeld, Smith